**SO ORDERED.**

**SIGNED this 27 day of March, 2008.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| DARREL S. CHAPMAN | 08-01230-8-RDD |
| LYNN CRALEY CHAPMAN | |
| DEBTORS | |

**ORDER CONDITIONALLY ALLOWING IMPOSITION OF THE AUTOMATIC STAY AND DENYING MOTION CONFIRMING STAY IS NOT IN EFFECT**

This matter is before the court on the debtor's motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B). A hearing was held in Greenville, North Carolina on March 26, 2008. Counsel for the debtor represented that all interested parties had been served with the motion. In response to the debtor's motion, DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler") filed a motion requesting confirmation that the automatic stay was not in effect.

The debtors filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on February 26, 2008. The debtors had two cases pending within the year prior to the filing of this action. Case No. 06-04195-8-RDD was filed on December 22, 2006 and dismissed on August 10, 2007. Case No. 07-03333-8-RDD was filed on September 11, 2007 and dismissed on January 16, 2008. DaimlerChrysler has a security interest in a 2002 Dodge Ram truck owned by the debtors.

Counsel for DaimlerChrysler indicates that the debtors are currently in default to DaimlerChrysler in the amount of approximately $8,200.00. He further explained that DaimlerChrysler has not received any payments on the truck since March 23, 2007.

The debtors' current filing is subject to the presumption that it was not filed in good faith as provided in 11 U.S.C. § 362(c)(4)(D), but the debtors have demonstrated that the filing of the later case is in good faith as to the creditors to be stayed, and have provided clear and convincing evidence sufficient to rebut the presumption that the case was not filed in good faith. At the hearing, Mrs. Chapman testified that the debtors' first two cases were dismissed because of her husband's unemployment. Although Mrs. Chapman testified that her husband lost one job during the pendency of their first bankruptcy case, Schedule I filed in that case indicates that both debtors were unemployed at the time of filing. Mrs. Chapman testified that her husband became re-employed in July 2007 with Pro Cycle, earning approximately $350.00 per week. However, her husband was employed with Pro Cycle only three months before losing that job. Her husband became re-employed again on February 25, 2008 as a truck driver with Werner Enterprises, Inc.. He is currently earning approximately $350.00 per week, but his income will increase to approximately $700.00 per week upon the completion of his training. Mrs. Chapman testified that she has been employed by Goshen Medical Center for approximately one year, and brings home approximately $1893.00 per month. She indicated that she began working five to six hours of overtime approximately two months ago, so she is now bringing home approximately $1149.00 bi-weekly. Mrs. Chapman further testified that the debtors have a foreclosure hearing is scheduled for April 3, 2008, which was continued from an earlier date after the debtors filed bankruptcy. Mrs. Chapman testified that she has made her first bankruptcy payment in the amount of $100.00 and that her

remaining 56 payments would be in the amount of $560.00 per month. Mrs. Chapman further testified that it is her desire to have the debtors' plan payments deducted from her wages at Goshen Medical Center.

Upon questioning by counsel for DaimlerChrysler, Mrs. Chapman explained that the 2002 Dodge Ram truck is the debtors' only means of transportation at this time, other than a borrowed vehicle which Mrs. Chapman uses for her transportation to work. Mrs. Chapman explained that the debtors own two other vehicles, a car and a motorcycle, both of which are inoperable. Mr. Chapman drives the Dodge truck to and from Atlanta, Georgia, where he is currently training for his new job. Mrs. Chapman admitted that the debtors' income appeared to be identical in their current Schedule I and the Schedule I filed in their most recent prior case, even though Mrs. Chapman's income had appeared to increase as a result of her working overtime. Mrs. Chapman further admitted that the debtors had not made a direct payment to DaimlerChrysler on the Dodge truck since the filing of their first bankruptcy on December 22, 2006.

Upon questioning by the court, Mrs. Chapman indicated that she believed the payoff on the Dodge truck to be approximately $11,000.00. She also indicated that, when the debtors tried to trade in the Dodge truck on another vehicle, the most they were offered for the truck was $4,500.00. The trustee indicated that the payoff on the vehicle appeared to be $12,910.00 from the proof of claim filed by DaimlerChrysler in this case. The trustee also indicated that the debtors were proposing to treat the claim of DaimlerChrysler as secured in the amount of $9,575.00 and unsecured for the remainder of the claim.

Based on the foregoing, the court finds that there has been a substantial change in the debtors' financial or personal affairs since the dismissal of the prior case. In the present case, both

debtors appear to have stable employment. Mr. Chapman has potential for significant advancement as a long-haul truck driver. Payments will be made by payroll deduction. The previous two cases were hampered by the male debtor's unemployment. Therefore, the motion to impose the automatic stay is **ALLOWED** and the motion to confirm that the automatic stay is not in effect is **DENIED**, upon the following conditions:

1. The debtors are to amend their Schedules I and J to accurately reflect their current income and expenses within ten days of the entry of this order.

2. DaimlerChrysler's claim in this case shall be treated as fully secured in the claimed amount of $12,910.00 and paid in full at the Till rate of interest over the first 36 months of the debtors' plan.

3. Counsel for DaimlerChrysler is awarded attorney fees in the amount of $500.00, which shall be added to the claim of DaimlerChrysler and paid through the debtors' chapter 13 plan.

4. The trustee is to begin making adequate protection payments to DaimlerChrysler beginning on April 15, 2008 and continuing until the confirmation of the debtors' plan.

5. The debtors are to make all payments to the trustee within 20 days of their due date, being the first day of each month beginning April 1, 2008, and each month thereafter for 24 months from the date of this order. If the debtors fail to make a payment within 20 days of its due date during that 24 months, the automatic stay shall lift without further hearing as to DaimlerChrysler, and the debtors shall immediately surrender the 2002 Dodge Ram truck to DaimlerChrysler.

6. The debtors are to maintain property and casualty insurance on the 2002 Dodge Ram truck until DaimlerChrysler's claim has been paid in full. If the debtors' fail to maintain insurance

        on the vehicle at any time during the first 36 months of their plan, then the automatic stay as to DaimlerChrysler shall lift without further hearing, and the debtors shall immediately surrender the 2002 Dodge Ram truck to DaimlerChrysler.

7.    If the debtors' case is dismissed for any reason during the first 36 months of the debtors' plan, the debtors shall immediately surrender the 2002 Dodge Ram truck to DaimlerChrysler, and the debtors shall be barred from filing another bankruptcy case under any chapter in the United States Bankruptcy Court for the Eastern District of North Carolina for a period of 180 days from the date of entry of the order of dismissal.

Subject to the conditions listed above, pursuant to 11 U.S.C. § 362(c)(4)(B), the stay contained in 11 U.S.C. § 362(a) shall be in effect throughout the pendency of the debtors' chapter 13 case as to all creditors, unless otherwise ordered or terminated by operation of a separate statutory provision (<u>e.g.</u>, § 362(h)) or by operation of this order, upon the condition that the debtors submit to the payroll deduction of their plan payments.

        **SO ORDERED**.

**END OF DOCUMENT**